

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-88,130-01, 88,130-02, 88,130-03, 88,130-04

**EX PARTE JAMES CORNELIUS SQUARE, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 1063819-A, 1063818-A, 1063817-A, 1063816-A
IN THE 178TH DISTRICT COURT FROM HARRIS COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication manslaughter in all four cause numbers and sentenced to twenty years' imprisonment in each cause. The sentences were ordered to run consecutively. The First Court of Appeals affirmed his convictions. *Square v. State*, Nos. 01-07-00344-CR, 01-07-00345-CR, 01-07-00346-CR, 01-07-00347-CR (Tex. App.—Houston [1st Dist.] Feb. 5, 2009).

Applicant contends that his trial counsel rendered ineffective assistance by failing to inform him that his sentences could be cumulated, by telling him that his sentences would run concurrently,

and by telling him that he would receive probation if he pleaded guilty. He also alleges that his appellate counsel was ineffective for failing to challenge the cumulation of sentences when the State did not make their motion until after he pleaded guilty. Neither the State nor the trial court answered Applicant's specific allegations, but instead recommended this Court deny the application on the basis of laches.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make supplemental findings of fact regarding whether the State is suffering actual prejudice, under the doctrine of laches, by Applicant's delay in bringing this habeas application. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 21, 2018
Do not publish